# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| DDB Technologies L.L.C.,<br>　　　　　*Plaintiff* | §<br>§<br>§ | **1:10-cv-10-246** |
| v. | §<br>§ | Civil Action No.<br>Jury Demanded |
| ESPN, Inc.<br>　　　　　*Defendant* | §<br>§<br>§ | |

## COMPLAINT FOR PATENT INFRINGEMENT AND DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff DDB Technologies, L.L.C., files this Complaint for Patent Infringement and Damages against Defendant ESPN, Inc. and would respectfully show the Court as follows:

### THE PARTIES

1.      Plaintiff DDB Technologies, L.L.C. ("DDB"), is a Texas limited liability company having its principal place of business at 107 Laura Lane, Austin, Texas 78746, which is within this judicial district.

2.      Defendant ESPN, Inc. ("ESPN") is a Delaware corporation with a principal place of business at 1 ESPN Drive, Bristol, CT 06010.  ESPN transacts business within the State of Texas and in this judicial district, and has committed acts of patent infringement as hereinafter set forth within the State of Texas and this judicial district.  Such business includes, without limitation, ESPN's ownership and operation of the internet website, ESPN.com, which is available to, accessed by, and subscribed to by users, customers, and potential customers of ESPN within this judicial district.

## JURISDICTION AND VENUE

3.      This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  This Court has jurisdiction under 35 U.S.C. §§ 271, *et seq.*, and 28 U.S.C. §§ 1331 and 1338.

4.      This Court has personal jurisdiction over ESPN pursuant to Tex. Civ. Prac. & Rem. Code § 17.041 *et seq.*  Personal jurisdiction generally exists over ESPN because ESPN has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this district.  Personal jurisdiction also exists because, on information and belief, ESPN has entered into numerous contracts with customers in Texas for products and services offered by ESPN, which products and services include, among other things, the knowing and repeated transmission of computer files over the Internet.  This Court's jurisdiction over ESPN comports with the constitutional standards of fair play and substantial justice and arises directly from the ESPN's purposeful minimum contact with the State of Texas.

5.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

6.      Although ESPN has engaged in business in the State of Texas, ESPN has not designated an agent for service in the State.  Therefore, the Secretary of the State is an agent for service of process for ESPN pursuant to Tex. Civ. Prac. & Rem. Code § 17.044.

## THE PATENTS-IN-SUIT

7.      On June 11, 1996, United States Patent No. 5,526,479 ("the '479 Patent"), entitled "Method and Apparatus for Broadcasting Live Events to Another Location and Producing a

2

Computer Simulation of the Events at that Location," was duly and legally issued by the United States Patent and Trademark Office to David R. Barstow and Daniel W. Barstow. A copy of the '479 Patent is attached hereto as Exhibit A.

8.      On September 23, 1997, United States Patent No. 5,671,347 ("the '347 Patent"), entitled "Method and Apparatus for Broadcasting Live Events to Another Location and Producing a Computer Simulation of the Events at that Location," was duly and legally issued by the United States Patent and Trademark Office to David R. Barstow and Daniel W. Barstow. A copy of the '347 Patent is attached hereto as Exhibit B.

9.      On March 20, 2001, United States Patent No. 6,204,862 ("the '862 Patent"), entitled "Method and Apparatus for Broadcasting Live Events to Another Location and Producing a Computer Simulation of the Events at that Location," was duly and legally issued by the United States Patent and Trademark Office to David R. Barstow and Daniel W. Barstow. A copy of the '862 Patent is attached hereto as Exhibit C.

10.     On May 13, 2008, United States Patent No. 7,373,587 ("the '587 Patent"), entitled "Representing Sub-Events With Physical Exertion Actions," was duly and legally issued by the United States Patent and Trademark Office to David R. Barstow and Daniel W. Barstow. A copy of the '587 Patent is attached hereto as Exhibit D.

11.     The '479, '347, '862, and '587 Patents are referred to collectively hereinafter as "the DDB Patents."

12.     David R. Barstow and Daniel W. Barstow assigned the DDB Patents to DDB. DDB owns all right, title and interest in and to the DDB Patents.

3

**FACTS**

13.     In the 1980s and continuing through the early 1990's, Dr. David R. Barstow, a Partner in and President of DDB, along with his brother, Daniel W. Barstow, a Partner in DDB, developed a method and apparatus for providing to remote viewers simulations of live sporting events such as baseball, football, and basketball games, etc.  All of the technology required to produce such simulations is embodied in the DDB Patents.

14.     In the mid to late 1990s, Dr. David R. Barstow along with other representatives of DDB's predecessor-in-interest, Instant Sports, met with representatives of ESPN, and one or more of the DDB Patents were specifically discussed.

15.     Without DDB's permission, ESPN began providing simulation products/services over the Internet that embody the invention(s) set forth in the DDB patents.  For example, ESPN's GameCast product/service permits remote users to watch a simulation of live sporting events including, for example, baseball, football, and basketball games (*see, e.,g.,* Exhibit E).

16.     In about the 2000 timeframe, DDB and its lawyers contacted ESPN to offer terms for a non-exclusive license to the technology covered by the DDB Patents.  After a few contacts between lawyers for DDB and ESPN, ESPN did not respond to, or even acknowledge, further attempts by DDB to initiate discussions about a non-exclusive license.

17.     ESPN has known of the technology embodied in the DDB Patents continuously since at least as early as 1997.  Specifically, it has known of one of more of the DDB Patents since at least as early as 1997, including, for example, the '479 Patent.

18.     Despite it awareness of the DDB Patents, ESPN has and still is infringing the DDB Patents by making, selling, offering for sale, and using products and/or services embodying the invention(s) set forth in the DDB Patents including, without limitation, ESPN's "GameCast"

4

product/service available through ESPN's ESPN.com web site, and by inducing and/or contributing to the infringement of the DDB Patents by others.

**COUNT I:**
**INFRINGEMENT OF THE '479 PATENT**

19.     DDB repeats and realleges each of the allegations of paragraphs 1-18 as if set forth in full.

20.     ESPN has infringed and continues to infringe the '479 Patent by making, selling, offering for sale, and using products and/or services covered by claims of the '479 Patent (including, for example, ESPN's live game simulation product/service "GameCast"), without DDB's authorization in violation of 35 U.S.C. § 271(a).

21.     ESPN has in the past and continues to promote and advertise its live game simulation products/services by providing links to its live game simulation products/services on its website. Ex. F.

22.     ESPN's live game simulation products/services are not staple articles or commodities of commerce suitable for substantial non-infringing use.

23.     ESPN's actions have and continue to constitute active inducement of and contributory infringement of the '479 patent.

24.     On information and belief, ESPN had actual notice of the existence of the '479 Patent, and despite such notice, has continued to engage in acts of infringement of the '479 Patent. ESPN's continued acts of infringement have been, and will continue to be, wanton and willful.

25.     ESPN's infringing activities have damaged and continue to damage DDB. Upon information and belief, ESPN will continue to infringe the '479 Patent, causing irreparable harm to DDB unless enjoined by this Court.

5

## COUNT II
## INFRINGEMENT OF THE '347 PATENT

26.    DDB repeats and realleges each of the allegations of paragraphs 1-25 as if set forth in full.

27.    ESPN has infringed and continues to infringe the '347 Patent by making, selling, offering for sale, and using products and/or services covered by claims of the '347 Patent, (including, for example, ESPN's live game simulation product/service "GameCast"), without DDB's authorization in violation of 35 U.S.C. § 271(a).

28.    ESPN has in the past and continues to promote and advertise its live game simulation products/services by providing links to its live game simulation products/services on its website. Ex. F.

29.    ESPN's live game simulation products/services are not staple articles or commodities of commerce suitable for substantial non-infringing use.

30.    ESPN's actions have and continue to constitute active inducement of and contributory infringement of the '347 patent.

31.    On information and belief, ESPN had actual notice of the existence of the '347 Patent, and despite such notice, has continued to engage in acts of infringement of the '347 Patent. ESPN's continued acts of infringement have been, and will continue to be, wanton and willful.

32.    ESPN's infringing activities have damages and continue to damage DDB. Upon information and belief, ESPN will continue to infringe the '347 Patent, causing irreparable harm to DDB unless enjoined by this Court.

## COUNT III
## INFRINGEMENT OF THE '862 PATENT

33.      DDB repeats and realleges each of the allegations of paragraphs 1-32 as if set forth in full.

34.      ESPN has infringed and continues to infringe the '862 Patent by making, selling, offering for sale, and using products and/or services covered by claims of the '862 Patent (including, for example, ESPN's live game simulation product/service "GameCast"), without DDB's authorization in violation of 35 U.S.C. § 271(a).

35.      ESPN has in the past and continues to promote and advertise its live game simulation products/services by providing links to its live game simulation products/services on its website. Ex. F.

36.      ESPN's live game simulation products/services are not staple articles or commodities of commerce suitable for substantial non-infringing use.

37.      ESPN's actions have and continue to constitute active inducement of and contributory infringement of the '862 patent.

38.      On information and belief, ESPN had actual notice of the existence of the '862 Patent, and despite such notice, has continued to engage in acts of infringement of the '862 Patent. ESPN's continued acts of infringement have been, and will continue to be, wanton and willful.

39.      ESPN's infringing activities have damages and continue to damage DDB. Upon information and belief, ESPN will continue to infringe the '862 Patent, causing irreparable harm to DDB unless enjoined by this Court.

7

## COUNT IV
## INFRINGEMENT OF THE '587 PATENT

40.     DDB repeats and realleges each of the allegations of paragraphs 1-39 as if set forth in full.

41.     ESPN has infringed and continues to infringe the '587 Patent by making, selling, offering for sale, and using products/services covered by claims of the '587 Patent, (including, for example, ESPN's live game simulation product/service "GameCast"), without DDB's authorization in violation of 35 U.S.C. § 271(a).

42.     ESPN has in the past and continues to promote and advertise its live game simulation products/services by providing links to its live game simulation products/services on its website. Ex. F.

43.     ESPN's live game simulation products/services are not staple articles or commodities of commerce suitable for substantial non-infringing use.

44.     ESPN's actions have and continue to constitute active inducement of and contributory infringement of the '587 patent.

45.     On information and belief, ESPN had actual notice of the existence of the '587 Patent, and despite such notice, has continued to engage in acts of infringement of the '587 Patent. ESPN's continued acts of infringement have been, and will continue to be, wanton and willful.

46.     ESPN's infringing activities have damages and continue to damage DDB. Upon information and belief, ESPN will continue to infringe the '587 Patent, causing irreparable harm to DDB unless enjoined by this Court.

8

## REQUEST FOR JURY TRIAL

47.     Pursuant to FED. R. CIV. P. 38, DDB demands a trial by jury of any issue triable of right by a jury.

## PRAYER FOR RELIEF

THEREFORE, plaintiff DDB prays for relief against ESPN as follows:

A.     That the DDB Patents be adjudged infringed by ESPN and that the infringement be held to be willful;

B.     That DDB be awarded compensatory damages for past infringement of the DDB Patents by ESPN in an amount no less than a reasonable royalty, in a sum to be determined at trial, and that said damages be trebled in view of the willful and deliberate nature of the infringement;

C.     That ESPN, its officers, agents, servants, employees and attorneys, and other persons in active concert or participation with ESPN be preliminarily and permanently enjoined from further infringement of the DDB Patents;

D.     That ESPN be ordered to deliver to DDB for destruction all infringing products and systems in its possession;

E.     That this case be declared an exceptional case under 35 U.S.C. § 285 as to ESPN, and that DDB be awarded its attorneys' fees incurred in this action.

Respectfully Submitted,

April 8, 2010                                        By: /s/  James G. Ruiz

                                                    James G. Ruiz
                                                    State Bar No. 17385860
                                                    **Winstead PC**
                                                    401 Congress Ave., Ste. 2100
                                                    Austin, Texas  78701
                                                    Tel: (512) 370-2818
                                                    Fax (512) 370-2850

                                                    Michael D. Gannon
                                                    Leif R. Sigmond, Jr.
                                                    Paul A. Kafadar
                                                    **McDonnell Boehnen
                                                    Hulbert & Berghoff LLP**
                                                    300 S. Wacker Dr., Ste. 3100
                                                    Chicago, IL 60606
                                                    Tel: (312) 913-0001
                                                    Fax: (312) 913-0002

                                                    **Attorneys for Plaintiff
                                                    DDB Technologies L.L.C.**

10